IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPETUS CHURRASCARIA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ESPETUS BRAZILIAN STEAKHOUSE, INC., <br><br> Defendant. | No. C 12-01256 JSW <br><br> **ORDER REGARDING MOTION TO DISMISS AND/OR TO TRANSFER** |

Now before the Court is the motion to dismiss for lack of personal jurisdiction and improper venue or, in the alternative, to transfer filed by defendant Espetus Brazilian Steakhouse ("Defendant"). This motion is fully briefed and ripe for decision. The Court finds this matter is suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for July 6, 2012 is VACATED. Having considered the parties' pleadings and relevant legal authority, for the reasons set forth in this Order, the Court denies Defendant's motion to dismiss or transfer for improper venue and reserves ruling on Defendant's motion to dismiss based on lack of personal jurisdiction in order to provide plaintiff Espetus Churrascaria, Inc. ("Plaintiff") an opportunity to conduct jurisdictional discovery.

**BACKGROUND**

Both Plaintiff and Defendant operate restaurants with similar names. Plaintiff's restaurants are located in California and Defendant's restaurant is located in North Carolina.

Plaintiff contends that Defendant is infringing on its trademarks. Any additional facts will be addressed as necessary in the remainder of this order.

## ANALYSIS

**A.      Venue is Proper in the Northern District of California.**

Defendant asserts that this Court lacks jurisdiction to hear this action because venue is improper in the Northern District pursuant to 28 U.S.C. § 1391(b), and that the action should therefore be dismissed. Alternatively, Defendant moves to transfer this action to North Carolina. A civil action that is not founded solely on diversity, except as otherwise provided by the law, may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "'[I]n a tort action, the locus of the injury [is] a relevant factor' in making this determination." *Fiore v. Walden*, 657 F.3d 838, 859 (9th Cir. 2011) (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001)); *see also Sidco Indus. Inc. v. Wimar Tahoe Corp.*, 768 F. Supp. 1343, 1347 (D. Or. 1991) (holding that in a trademark infringement case, venue is proper where the defendant's acts caused "confusion and diminution in the value of [the trademark]."). Plaintiff incurred any injuries as a result of Defendant's alleged torts in this district. Accordingly, venue is proper.

Alternatively, Defendant also moves to transfer this action to the District of North Carolina. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination of whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Venue should not

be transferred if the result is merely to shift the inconvenience to the other party. *Cf. Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

A plaintiff's choice of forum is entitled to great deference and should only be disturbed if the defendant can show that other factors clearly favor a different forum. *See Decker Coal*, 805 F.2d at 843. Defendant argues that the convenience of the witnesses weigh in favor of transfer, but only describes one non-party witness and the two shareholders and officers of Defendant. The convenience of Defendant and its shareholders and officers are entitled to little weight because the witnesses are agents the party seeking transfer and Defendant will be able to compel their testimony at trial. *See STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988) (discounting the convenience to the defendant's employees because they could be compelled to testify). Defendant is trying to shift the inconvenience of litigating this action from itself to Plaintiff. The Court finds that the existence of one, uninvolved non-party witness is insufficient to overcome the deference provided to Plaintiff's choice of forum. Accordingly, Defendant has not met its burden to show that this case should be transferred and, thus, the Court denies the motion to transfer.

**B.     Legal Standards for Dismissal for Lack of Personal Jurisdiction.**

A defendant may move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The plaintiff bears the burden to establish personal jurisdiction. *Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The Court may consider evidence presented in affidavits to assist in its determination and may order discovery on the jurisdictional issues. *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). However, when "a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss .... That is, the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted); *see also AT&T v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (holding that where the trial court rules on jurisdictional issue based on affidavits and without holding an evidentiary hearing, the plaintiff

need only make a prima facie showing). Where the facts are not directly controverted, plaintiff's version of the facts is taken as true. *See AT&T*, 94 F.3d at 588. Likewise, conflicts between the facts contained in the parties' affidavits must be resolved in a plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

"Personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) (citing *Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives*, 103 F.3d 888, 893 (9th Cir. 1996)). Because California's long arm statute is co-extensive with federal due process requirements, the jurisdictional analyses under California law and federal due process are the same. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain minimum contacts with the forum state. The overriding constitutional principle is that maintenance of an action in the forum must not offend "traditional conception[s] of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Whether a party's contacts with the forum are sufficient to permit the state to exercise jurisdiction depends upon the facts of each case. *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1251 (9th Cir. 1980). Here, Heller argues that the Court should exercise specific jurisdiction over A-Tech and The Bean. For specific jurisdiction, "the issue of whether jurisdiction will lie turns on an evaluation of the nature and quality of the defendant's contacts in relation to the cause of action." *See Data Disc*, 557 F.2d at 1287; *see also Calder v. Jones*, 465 U.S. 783, 788 (1984) ("In judging minimum contacts, a court properly focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotations and citation omitted).

4

Specific jurisdiction over a defendant exists where: (1) the defendant has purposefully directed his or her activities at residents of the forum state or the forum state itself; (2) the plaintiff's claim arises out of or relates to those activities; and (3) the assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger,* 374 F.3d at 802; *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-77 (1985). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802 (internal citation omitted). "On the other hand, if the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Menken*, 503 F.3d at 1057 (internal quotations and citations omitted). The Ninth Circuit has noted that the "purposeful availment" prong, "[d]espite its label ... includes both purposeful availment and purposeful direction. It may be satisfied by purposeful availment of the privilege of doing business in the forum; by purposeful direction of activities at the forum; or by some combination thereof." *Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

"'Purposeful availment' requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). The mere existence of a contract with a party in the forum state does not alone constitute sufficient minimum contacts for jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). "Instead the Court must look to 'prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' to determine if the defendant's contacts are 'substantial' and not merely 'random, fortuitous, or attenuated.'" *Sher*, 91 F.2d at 1362 (citing *Burger King*, 471 U.S. at 479). Importantly, the "solicitation of business in the forum state that results in business being transacted or contract negotiations will probably be considered purposeful availment." *Sinatra*, 854 F.2d at 1195 (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986).

5

"[T]he purposeful availment test may also be satisfied if the defendant intentionally directed his activities into the forum state." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131 (9th Cir. 2003). When there are tort claims involved in a matter, it is proper to analyze the first prong of the three-part personal jurisdiction test under the *Calder* "effects" test. *See Doe*, 248 F.3d at 924. Under this test, the defendant must have: "(1) committed an intentional act, (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state." *Jonathan Browning, Inc. v. Venetian Casino Resort, LLC*, No. C 07-3983, 2007 WL 4532214 at *4 (N.D. Cal. Dec.19, 2007) (citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

In *Bancroft & Masters*, the Ninth Circuit held that, although not every act with foreseeable consequences in the forum state would support specific jurisdiction over a foreign defendant absent "something more," this requirement was satisfied by the "express aiming" component of the *Calder* test. *Bancroft & Masters*, 223 F.3d at 1087. The Court further explained that this "requirement is satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.*

**C.     Discussion.**

Because Plaintiff brings intentional tort claims against Defendant, the Court will apply the *Calder* "effects" test to determine whether the exercise of jurisdiction over it is proper. Courts have applied the *Calder* test to torts involving intellectual property. See *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997) (holding that willful copyright infringement alone was enough to establish purposeful availment), *overruled on other grounds by Feltner v. Columbia Pictures Television*, 523 U.S. 340 (1998); *MGM Studios, Inc. v. Grokster Ltd.*, 243 F. Supp. 2d 1073, 1089-90 (C.D. Cal. 2003) (applying effects test to intentional copyright infringement claim); *The 3DO Co v. Poptop Software, Inc.*, 1998 U.S. Dist LEXIS 21281, *9-10 (N.D. Cal. 1998) (finding test applicable to claim for misappropriation of trade secrets).

6

Here, although a modified version of Plaintiff's mark was used in connection with a job posting for Defendant, Defendant has submitted evidence that this altered mark was posted on the website of the University of North Carolina Wilmington's Career Services Center and that Defendant was not responsible for the posting of Plaintiff's altered mark and did not authorize this use. Plaintiff has not submitted any evidence to the contrary. Moreover, although the names of the two restaurants are similar, Defendants have submitted declarations from its two founders stating under penalty of perjury that, when they selected the name of their restaurant and their mark, they had never heard of Plaintiff.

The other evidence Plaintiff relies upon to demonstrate purposeful availment and/or purposeful direction is Defendant's website, Defendant's Facebook page, and the fact that Defendant did not stop using its restaurant name and mark after receiving a cease and desist letter from Plaintiff.[1] The "purposeful availment" prong "requires that the defendant 'have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990) (citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)). With respect to web sites and internet activity, the Ninth Circuit applies the "sliding scale" approach to jurisdiction utilized by the district court in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997). *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997). Under this approach, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet." *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

"At one end of this sliding scale, the defendant conducts business transactions over the Internet with residents of the forum.... In such situations, jurisdiction is almost always proper, because the defendant has asserted itself into the forum and made actual contact, often commercial, with a forum resident.... At the other end of the scale are 'passive' Web sites,

---

[1] Plaintiff also relies on Facebook's Statement of Rights and Responsibilities which provides that disputes with Facebook will be resolved in Santa Clara County. However, because this Statement of Rights and Responsibilities applies only to disputes between Facebook and its users, it is not clear how this Statement is relevant to Plaintiff's contention of specific jurisdiction here.

7

through which the defendant simply posts information to those who access the site, such as advertisements and informational pieces about the Web site host." *Callaway Golf Corp. v. Royal Canadian Golf Ass'n*, 125 F. Supp. 2d 1194, 1202-3 (C.D. Cal. 2000) (citations and quotations omitted); *see also Stomp, Inc. v. Neato, LLC*, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) ("personal jurisdiction is not appropriate when a website is merely ... passive ..., but is appropriate when an entity is conducting business over the Internet"). In sum, courts look "to the 'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

Here, Defendant submits evidence that its website and its Facebook page are merely passive. Defendant only provides information about its restaurant through these websites and does not conduct any business through them. Plaintiff does not submit any evidence to the contrary. Theese non-interactive websites are insufficient to demonstrate a prima facie showing that Defendant conducts business in California. Moreover, without evidence that Defendant was aware of Plaintiff before it adopted its name and mark, or some other evidence to indicate that Defendant was targeting its activity at Plaintiff in California, Plaintiff fails to demonstrate a prima facie showing that Defendant purposefully directed its activities at this forum. *See Pebble Beach*, 453 F. 3d at 1156-58 (finding that passive website and domain name were insufficient to demonstrate purposeful direction, despite fact that the defendant may have known about the plaintiff's golf resort based on his past residence in California).

Lastly, the mere fact that Defendant has not ceased its use of its restaurant name and mark after receipt of the cease and desist letter does not demonstrate purposeful direction. If that were the case, any plaintiff could create personal jurisdiction over any defendant merely by sending a letter accusing the defendant of infringement. The Court finds that Plaintiff has not demonstrated any acts taken by Defendant which are sufficient to make a prima facie showing of purposeful direction.

Nevertheless, the Court will provide Plaintiff an opportunity to conduct some limited jurisdictional discovery. The Court has broad discretion in determining whether to permit

8

jurisdictional discovery. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 n. 1 (9th Cir. 1977) (holding that district courts have broad discretion to permit discovery to aid in the determination of personal jurisdiction); *see also Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977). In light of the similarity in the names between the two restaurants and the fact that the shared term, "Espetus," is a made-up name, the Court finds that it would be in the interests of justice to provide Plaintiff with an opportunity to conduct discovery regarding Defendant's knowledge of Plaintiff's restaurant before Defendant adopted its name and mark.

Plaintiff requests discovery on six topic. (*See* Opp. at 13-14.) The Court grants Plaintiff's request with respect to its first, second, and sixth topics, but denies Plaintiff's request with respect to its other three requested topics. The Court will defer ruling on Plaintiff's motion to dismiss until after Plaintiff has this opportunity to conduct limited jurisdictional discovery.

**CONCLUSION**

The Court DENIES Defendant's motion to dismiss or transfer for improper venue and RESERVES RULING on Defendant's motion to dismiss based on lack of personal jurisdiction. in order to provide plaintiff Espetus Churrascaria, Inc. ("Plaintiff") an opportunity to conduct jurisdictional discovery. Plaintiff may engage in limited jurisdictional discovery as discussed above. This limited jurisdictional discovery shall be completed within the next three months, or by no later than October 3, 2012. By no later than October 17, 2012, Plaintiff may file a supplemental opposition brief setting forth its prima facie case of personal jurisdiction. By no later than October 25, 2012, Defendant may file a supplemental reply brief. The Court HEREBY SETS Defendant's motion to dismiss for lack of personal jurisdiction to be heard on November 9, 2012 at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: July 3, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

9